ALICE G. KING *et al.* v. B. M. DAVIES.

No. 71.

LANDLORD AND TENANT—*Notice to Quit—Liability of Tenant.*
When a written contract of lease of real estate, rented for a period
of 18 months, with monthly payments of rent in advance, expressly
provides that, upon the failure of the tenant to pay rent in advance
on the first day of each month, the landlord may distrain for the
rent due, or declare the lease at an end and retake possession, the
tenant, upon receiving notice from the landlord to remove from
the premises in 30 days from the date of the notice, if the rents
are not paid promptly in advance, and failing to pay the rent due
on the first of the following month, may vacate the premises, and
consider the lease ended, without being liable to pay rent after
the month for which the default was made.

MEMORANDUM.— Error from Shawnee circuit court;
C. M. WELCH, judge *pro tem.* Action by B. M. Davies
against Alice G. King and Frank L. King for rent.
Judgment for plaintiff, and defendants bring error.
Reversed. The opinion, filed December 5, 1895, states
the material facts.

*Vance & Campbell,* for plaintiffs in error.

*S. B. Isenhart,* for defendant in error.

The opinion of the court was delivered by

GARVER, J. : The defendant in error, Davies, leased to plaintiffs in error certain premises in the city of Topeka for the term of 18 months, extending from the 1st day of November, 1890, to the 1st day of May, 1892, for the rental of $1,800, payable monthly in advance, $100 to be paid on the first day of each month. The written lease contained the condition

" That, upon the non-payment of the rent, as aforesaid, the said first party may, at his election, either distrain for said rent due, or declare this lease to be at an end, and recover the same as if held by forcible detainer, the said parties of the second part hereby waiving any notice of said election or any demand for the possession of said premises."

One A. Parker, as agent for Davies, attended to the renting of the property and the collection of the monthly rents.  Rent for the month of April, 1891, was paid on the second day of that month, at which time Parker gave to the plaintiffs in error a receipt and notice, as follows :

"100.                    TOPEKA, KAN., April 2, 1891.

" Received of Alice G. King $100 for rent of building on lot 252 on Kansas ave. (street), for the month ending April 30, 1891.  You are hereby notified to remove from said premises in 30 days from this date if rents are not paid promptly in advance.

A. PARKER, *Agent.*"

On the 29th or 30th of April the plaintiffs in error vacated the premises and gave the keys to Parker, telling him that the room was vacant.  Parker tendered a return of the keys, which was refused.  The premises remained vacant during the following months of May and June, and on the 3d day of June, 1891, this action was commenced in the circuit court of Shawnee

county for the recovery of $200, alleged to be due for rent for those months. A trial was had by the court without a jury, and judgment was rendered for the plaintiff below, Davies, for $200 and costs, against the plaintiffs in error.

On the part of the plaintiffs in error, it is contended that they simply acted upon the notice served upon them by their landlord, and surrendered possession of the premises, as they had a right to do. The defendant in error claims that the notice embraced in the receipt of April 2 was not intended as a notice to quit; that the same form of receipt and notice had been delivered to the Kings each month from the time the lease was executed, it being a printed form in general use by Parker in the collection of rents. The testimony in the case shows that the notice contained in this receipt, and in the other receipts previously given by Parker, was a printed form, and that it was delivered to the tenant paying rent without any statement or explanation of the object or purpose of such notice. It must be assumed that a notice of this character was served for some purpose. The owner of the property had expressly stipulated in the lease, if the rent was not paid as agreed, on the first day of each month in advance, that, at his option, he might declare the lease at an end and proceed against the tenants as for an unlawful and forcible detention of the property. This he had a right to do, and it was for him to say what delays in the payment of rent he would suffer without the exercise of such option. He saw fit, through his agent, to keep before his tenants this summary power of removal and termination of the lease and his intention to exercise this power for any failure to pay rent promptly in advance. In other words, they were notified that, so far as the lease gave him

an option as to the course which he might pursue for the non-payment of rent, he elected to terminate the lease by retaking possession of the property. The mere fact that for months prior to this the same notice had been given cannot affect this case. When the notice in question was served, the tenants were in default one day. How promptly previous monthly rents were paid does not appear. With some landlords a delay of payment for only one day might be sufficiently prompt; others might be more exacting about getting their dues on the very day "nominated in the bond." These tenants defaulted in the payment of the rent for the month of May. Under the lease and this notice of April 2, the landlord might have proceeded by an action of forcible detainer at any time after the 1st day of May, if the Kings had remained in possession, and caused their summary removal. Having such right, we think the tenants would also have the right, after receiving such notice of the landlord's election, to voluntarily vacate the premises, and he would not thereafter be heard to say that his notice was meaningless. Rent paying is ordinarily hard enough without being burdened with such uncomfortable reminders as mere byplays. Certainly one has no very sacred right to complain when he is taken at his word; especially when it is a matter which may be of material advantage to him should circumstances require its use. The fact that the premises were vacated the day before the May rent was due, instead of the day after, can make no difference. We think, however, that the default must be held to be for the month of May, and that the rent for that month, being payable in advance, was due from the tenants under the lease, even though they did not occupy the premises.

The judgment will be reversed, and the case remanded for further proceedings in accordance with this opinion.

All the Judges concurring.