LEVI LONGFELLOW *vs.* WILLIAM M. McGREGOR *et al.*

Argued Jan. 22, 1894.    Reversed Jan. 30, 1894.

No. 8528.

**A contract construed by the aid of the circumstances.**

A certain bond, with sureties, in which the condition is not completely expressed, construed, in connection with the circumstances under which, and the purpose for which, it was executed, and *held* to be good.

Appeal by plaintiff, Levi Longfellow, from a judgment of the District Court of Hennepin County, *Thomas Canty*, J., entered September 20, 1893, that he take nothing by this action and pay defendants $12.73 costs.

On August 1, 1890, defendant William M. McGregor made written application for, and borrowed of Levi Longfellow and Edward Russell, partners in business, $2,200 and to secure repayment of the money and interest on or before three years thereafter, gave to Russell his note and a mortgage on lot ten (10) in Pearsall's Addition to Minneapolis and the dwelling house thereon. As further security McGregor obtained $2,500 insurance against fire upon the house with loss, if any, payable to the mortgagee or his assigns as his interest might appear. In October, 1890, the house was destroyed by fire and on November 1, 1890, the Insurance Company adjusted the loss at $1,175.14 and paid the money to Longfellow and Russell. To enable McGregor to rebuild they paid over the insurance money to him November 7, 1890, and he gave them a bond in the penal sum of $2,000 with George M. McGregor and Edson S. Gaylord as sureties,

containing the condition set forth in the opinion, but it was not sealed. On November 8, 1890, Russell assigned all his interest in the note and mortgage to Longfellow and soon thereafter departed this life. McGregor failed to rebuild, and Longfellow as surviving partner brought this action July 20, 1892, on the bond against McGregor and his sureties to recover $2,000 damages. The complaint stated these facts and set out a copy of the bond. At the trial January 10, 1893, the court was of the opinion that the condition in the bond is meaningless and ordered judgment for the defendants. Judgment having been entered, plaintiff appeals.

*Fred W. Reed,* for appellant.

Judgment should have been given plaintiff on the facts. Courts look at the substance rather than the form of contracts and seek for the real intention of the parties. The words used are sufficient to show the intention of the parties to condition this bond upon the rebuilding of the house. It says it is given upon the express agreement to so rebuild. Evidently the words, "*Now if he shall so rebuild,*" were unintentionally omitted just before the words, "then the above obligation to be void." The court can supply them from the context and circumstances.

If the court was right in holding that the condition is not sufficiently expressed, the condition and not the bond becomes "meaningless, contradictory and nugatory" and the bond becomes an absolute obligation to pay $2,000. 2 Blackstone, Comm. 340; Murfree, Bonds, § 186; *Stockton* v. *Turner,* 7 J. J. Marsh. 192; *Giles* v. *Halsted,* 24 N. J. Law, 366.

The ambiguity, if any, was removed by the evidence. Defendants therefore waived the objection to the form of the bond, even if the objection might have been good if taken at the proper time. *Levering* v. *Langley,* 8 Minn. 107; *Isaacson* v. *Minneapolis & St. L. Ry. Co.,* 27 Minn. 463; *Conway F. Ins. Co.* v. *Sewall,* 54 Me. 352; *Meyer* v. *Fiegel,* 34 How. Pr. 434.

*Welch & Welch, Edson S. Gaylord, Alfred J. Harris* and *Charles H. Howard,* for respondents.

A surety is not to be held beyond the terms of his contract. The liability of a surety is not to be extended by implication beyond the

precise terms of his bond. It cannot be extended by construction or implication. *Simonson* v. *Grant,* 36 Minn. 439; *Tomlinson* v. *Simpson,* 33 Minn. 443; *Cushing* v. *Cable,* 48 Minn. 3; *Hayden* v. *Smith,* 49 Conn. 83.

This instrument is void under the statute of frauds, as there is no consideration expressed for the execution of the instrument, and there being no seal there is no presumption as to a consideration which bonds under seal import. 1878 G. S. ch. 41, § 2; Brandt, Suretyship & Guaranty, §§ 82, 83; *Wilson Sew. M. Co.* v. *Schnell,* 20 Minn. 40; *Barney* v. *Forbes,* 118 N. Y. 580; *Church* v. *Brown,* 29 Barb. 486; *Parry* v. *Spikes,* 49 Wis. 384.

Only written contracts of indemnity are valid and where the written contract does not conform to the intention of the parties in the oral contract, such contract is void, and if the parties have not made such a valid written contract, the courts will not make one for them. *Trustees* v. *Otis,* 85 Ill. 179; *Harrison* v. *Field,* 2 Wash. (Va.) 136.

Plaintiff has never been to any expense or been damnified by reason of the alleged default, inasmuch as he has never rebuilt the house in question or been to any expense on account thereof, until then there can be no recovery. Compensation for damages actually sustained and liquidated by obligee only can be recovered. *Campbell* v. *Rotering,* 42 Minn. 115; *Sprague* v. *Wells,* 47 Minn. 504; *Weller* v. *Eames,* 15 Minn. 461; *Carson Opera House Assn.* v. *Miller,* 16 Nev. 327; *Lott* v. *Mitchell,* 32 Cal. 24; *Willson* v. *McEvoy,* 25 Cal. 170; *Prader* v. *Grimm,* 28 Cal. 11; *Thompson* v. *Taylor,* 30 Wis. 68.

It does not appear but that the plaintiff can recover upon the mortgage note in full of the maker, or that the lot without the house is not adequate security.

GILFILLAN, C. J.   William M. McGregor applied to the firm of Longfellow & Russell, of which plaintiff was a member, for a loan of $2,200, to be secured by a mortgage upon real estate, with fire insurance on the buildings upon it, in the sum of $2,500, payable, in case of loss, to the mortgagee. The loan was made, and the mortgage to secure it executed to Russell, and fire insurance effected for $2,500, payable, in case of loss, to the mortgagee. A loss occurred, and was adjusted at $1,175.14, and November 1, 1890, paid to

Longfellow & Russell, the lenders. The amount so received was paid over to McGregor, in consideration of the execution by him as principal, and the other defendants as sureties, of the bond sued on in this action, which was taken for the benefit and use of said lenders, as owners of the note and mortgage, and to keep the security good. On November 8th, Russell assigned the note and mortgage to plaintiff.

In accordance with the well-known general rule that an assignment of a debt takes with it, and vests in the assignee, the right to all securities for the debt, the bond passed to plaintiff; and, where the security is a bond with sureties, change in the ownership of the debt and security does not affect the contract of the sureties, so as to release them.

The obligatory part of the bond is in the penal sum of $2,000, and is expressed in the usual form of bonds. The alleged defect is in the condition, which is as follows:

"The condition of the above obligation is such that, whereas, the said William McGregor has obtained the consent of the said Edward Russell for the payment to him of the amount awarded as insurance for loss by fire on the lot hereinafter described, upon the express condition that he, the said William McGregor, shall rebuild and fully complete the dwelling house upon lot numbered ten (10) in Pearsall's addition to Minneapolis, Minnesota, according to the plat thereof on file or of record in the office of the register of deeds in and for the county of Hennepin, Minnesota, in strict accordance with the application for the loan of twenty-two hundred ($2,200.00) dollars made to him by said Edward Russell, as per a note and mortgage signed by said William McGregor and wife, of date August first, 1890, and that such work of rebuilding and completion shall be done within ninety days from the date of this instrument, then the above obligation to be void; otherwise to remain in full force and virtue."

The objection made to this is that it means nothing; that is, it does not express the condition, the performance of which will defeat the penal part of the bond. It certainly suggests the omission of some clause or words necessary to make it full and complete. On a first reading, without reference to any of the circumstances under which it was executed, the impression, certainly, is that the instrument is so far defective that it is null. But we are bound to assume

that the parties intended the instrument to be effectual, not nugatory.   And if what was intended as the condition may be ascertained from the terms, read in connection with the circumstances under which, and the purposes for which, as shown by those circumstances, the bond was executed, it must be sustained.   When we take into account the mortgage; the policy of insurance; the loss payable to the mortgagee; the fire, and payment of the loss to the mortgagee; and what is recited in the bond,—that the mortgagee had consented to pay the money over to the mortgagor on condition that the latter should rebuild within ninety days,—there can hardly be a question that the bond was to secure the rebuilding, and that it was the intention that the rebuilding, when done, should be in lieu of the penalty in the bond; in other words, should avoid it.

To thus ascertain what the parties intended by the instrument executed, is strictly consistent with the rule that a surety is not to be held beyond the contract he has entered into.   What contract he has made is to be determined by the same rules of interpretation as are applied to other contracts, the purpose being to ascertain what he has bound himself to.   When that is ascertained, his obligation is strictly limited to it.

The failure of the principal obligor to perform the condition of the bond gives a right of action upon it for nominal damages, at least. The court below held that the plaintiff could not recover at all; so the question of the measure of actual damages was not passed on.

Various other objections to plaintiff's right of recovery are made in the respondent's brief, but we do not see enough in them to require particular mention.   There must be a new trial.

Judgment reversed.

COLLINS and CANTY, JJ., took no part in the decision.

(Opinion published 57 N. W. Rep. 926.)