JOHN E. OSBORN v. MISSISSIPPI & RUM RIVER BOOM COMPANY.[1]

June 9, 1905.

Nos. 14,327—(92).

**Measure of Damages.**

In an action to recover damages for injuries to plaintiff's farm caused by the alleged wrongful acts of defendant, it appeared that defendant, by permitting an accumulation of logs in the Mississippi river adjacent to plaintiff's premises, caused the waters thereof to overflow its banks and cast upon plaintiff's land large quantities of sand, driftwood, and other débris, thereby rendering it unfit for the uses to which it had been adapted. Evidence was offered by defendant tending to show that the injuries complained of were temporary, and that the land could, at a cost estimated by the witnesses, be restored to its former condition. Plaintiff claimed that the injuries were in their nature permanent. The court charged the jury that the measure of plaintiff's damages was the difference in value of the farm before and after the wrongful acts of defendant. *Held* not error, but a correct statement of the general rule applicable to such cases. *Held*, further, that if defendant desired the question whether the cost of restoring the premises to their former condition was less than the difference in value, and hence the proper rule of damages, submitted to the jury, the court should have been requested to so charge. The failure to give such instruction was not, in the absence of such a request, reversible error.

Appeal by defendant from an order of the district court for Hennepin county, Willard R. Cray, J., denying a motion for judgment notwithstanding the verdict or for a new trial, after a trial and verdict in favor of plaintiff for $750. Affirmed.

*Cohen, Atwater & Shaw,* for appellant.

*S. R. Child,* for respondent.

BROWN, J.

Action to recover damages for the overflow of plaintiff's land, claimed to have been caused by the acts of defendant.

Plaintiff owns a farm consisting of about two hundred acres, bordering upon the Mississippi river, some eight miles above the city of

[1] Reported in 103 N. W. 879.

Minneapolis. Defendant's business is that of booming and driving logs in the river, and it owns and operates a sorting gap in the vicinity of plaintiff's land. It is claimed by plaintiff that defendant wrongfully permitted the accumulation of a large quantity of logs in the river adjacent to this land, causing the waters thereof to back up and overflow a portion of his farm, rendering the same unfit for cultivation or other agricultural purposes. There seems to be no controversy in the case but that the act of defendant caused an injury of some nature to plaintiff's land. The principal assignments of error on this appeal challenge the correctness of the instructions of the court to the jury on the subject of the measure of damages. Other assignments call in question certain rulings of the court during the trial.

The evidence presented to the jury tended to show that prior to the time the land was overflowed plaintiff raised various crops thereon; that the overflow, which has continued from year to year for more than ten years past, deposited thereon large quantities of sand, bark, driftwood, weeds, and other débris, thereby rendering it unfit for the uses for which it was naturally adapted, and, as plaintiff contended, permanently injuring the same. Evidence offered by defendant tended to show that the injuries to the land are temporary, and that it could be restored to its former condition at from $7 to $15 per acre of the overflowed land, of which there were from fifteen to twenty acres. Other evidence tended to show that, if the land could be fully restored to its former condition, it would take several years to accomplish that result. The court instructed the jury that the measure of plaintiff's damages was the difference in the value of the land before and after the injury complained of, and that in determining such difference in value the jury should take into consideration the various elements tending to cause a diminution in the value of the farm, the fact that crops were previously raised thereon, whether the overflowed land could be restored to its former condition, the length of time it would take to effect such restoration, and the various other elements disclosed by the evidence. Exception was taken to the charge by which the difference in value was laid down as the rule of damages, and the instruction is assigned as error.

The case, in many of its essential particulars, is like Hueston v. Mississippi & R. R. Boom Co., 76 Minn. 251, 79 N. W. 92. Land be-

longing to plaintiff was there shown to have been overflowed as in the case at bar, leaving thereon a deposit of sand, bark, and other débris, injuring a mill situated upon the land, and destroying about six acres of meadow. Upon the trial evidence was introduced showing the difference in the value of the land before and after the overflow, and in connection therewith evidence showing the particular respects in which the property was damaged, the nature and extent of the injury to the mill machinery by mud and water, the value of the use thereof during the period of the overflow, the damage to the tail race, what it would cost to restore the same, and the nature and probable duration of the injury to the pasture. It was held on review in this court that "in its last analysis the measure of plaintiff's damages was the difference between the value of the premises immediately before and immediately after the infliction of the injury," and that the evidence showing the particular elements of damages was proper as bearing upon that general question. The evidence there before the court disclosed damages of both a permanent and temporary character. Substantially the same principle was laid down and applied in the case of Ward v. Chicago, M. & St. P. Ry. Co., 61 Minn. 449, 63 N. W. 1104.

In Ziebarth v. Nye, 42 Minn. 541, 44 N. W. 1027, it appeared that the defendant, as a town officer, had constructed a highway over and across plaintiff's land by digging ditches and throwing up an embankment or turnpike. The trial court instructed the jury that plaintiff's measure of damages was the difference in the value of his farm before and after the road had been constructed. It was clear in that case that the injury was a temporary one—at least it was not fixed and permanent; but on appeal this court sustained the instruction.

There is no distinction, in point of principle, between the case at bar and those cited. In each there were elements of temporary and of permanent damage to the property trespassed upon. In the case before us the evidence was such as to make a case for the jury within the rules there laid down. It is wholly unlike those cases where the injuries sustained are wholly and strictly temporary and readily removed, embodying no elements of permanent injury.

Counsel for defendant seek to have applied to the facts the well-settled doctrine that in cases of this kind, where it is shown that the

cost of restoring the land to its former condition is less than the difference in value, such cost is the proper measure of damages. This rule is elementary, and is founded on the principle that in all such actions the law will award compensatory damages only. But it cannot be invoked in this case. If defendant was of the opinion that the evidence justified a submission of this feature of the rule of damages to the jury, a request to that effect should have been made. Though there was evidence offered on the trial tending to show the cost and expense of restoring the property to its former condition, the trial court was not requested to submit this phase of the case to the consideration of the jury. This precise question was passed upon in the Ziebarth case, supra, where it was held that such a request should have been made. See also Olson v. Aubolee, 92 Minn. 312, 99 N. W. 1128. Again, if defendant thought the case one in which the decreased rental value of the land was the proper measure of damages, the court should have been requested to so instruct the jury. Having made no request in either of these particulars, defendant cannot now complain.

The other assignments of error do not require extended mention. The complaint states a cause of action for the recovery of damages under the rule laid down by the trial court; and the evidence of the settlement with plaintiff's tenants, and a ratification thereof by plaintiff, was submitted to the jury under proper instructions.

Order affirmed.