# F. E. SATTERLEE AS RECEIVER OF H. E. WILCOX MOTOR COMPANY, INCORPORTED v. M. A. LAWLER.[1]

April 13, 1923.

No. 23,232.

**Equitable owner of truck may counterclaim for breach of plaintiff's contract to repair it.**

1. Plaintiff sold a truck to defendant on time, reserving title until the price was fully paid. Defendant procured insurance. The truck was damaged by fire. Plaintiff, defendant and the insurance company, joined in negotiating an adjustment of the loss, and it was agreed that the loss should be adjusted by repair of the truck by plaintiff and payment of the cost by the insurance company. *Held* defendant was a party to the contract to repair, and may predicate a counterclaim on its breach.

**Meaning of first class condition not for the jury.**

2. An agreement to put a truck in first class condition is not so indefinite as to require submission of its construction to the jury.

**Measure of damages—where qualification of general rule applies, duty of plaintiff to ask such instruction.**

3. The court properly instructed the jury that the measure of damages for failure to put the truck in first class condition, was the difference between its value if in first class condition, and its value as it was in fact returned. If the cost of putting it in first class condition is less than the difference in value, such cost furnishes the measure of damages. If plaintiff was of opinion that the evidence warranted submission to the jury of the question whether this cost was less than the difference in value it was incumbent on plaintiff to request such instruction.

Action in the district court for Olmsted county to recover possession of a truck or for $800, its value, and $100 for its detention. The case was tried before Callaghan, J., who at the close of the testimony denied plaintiff's motion for a directed verdict, and a jury which returned a verdict for $193.43. From an order denying his

[1] Reported in 193 N. W. 118.

motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed.   Affirmed.

O. N. Davies, George J. Allen and Bunn T. Willson, for appellant.
M. D. Halloran, for respondent.

HALLAM, J.

1.   On September 18, 1919, the H. E. Wilcox Motor Company sold to defendant a motor truck for $3,399.   Of this, $1,099 was paid down, the balance to be paid in instalments of $191.66 a month. Title was to remain in the company until paid for.   Defendant agreed to keep the car insured at his own expense, and it was so insured.   In December, 1920, the truck was damaged by fire.   An adjuster for the insurance company called on defendant.   He also called on the Wilcox Company.   The adjuster thought the Wilcox factory was the best place to "fix it up," and he directed defendant to ship it up to the Wilcox Company.   Soon thereafter a representative of the Wilcox Company called on defendant.   Defendant sent by him the following letter to the company:

"Your man, Mr. Yerxa, called on me this A. M. in regard to the truck.   You may send it back in first class shape.   He said it would not be over $100 to me."

The company replied as follows:

"According to your instructions we agree to send this truck out to you in first class condition, and that the total price of the work, including that which was made necessary by the fire, as well as the other repairs, will not exceed $100.00 more than the sum which the insurance company informed us they had agreed to pay."

The Wilcox Company repaired the truck and made a charge of $1,354.   The insurance company paid all the cost of the repairs. After the repairs were made, the truck was again delivered to defendant.   Defendant defaulted in his payment and plaintiff brought this action to replevy the truck.  ·Defendant answered, alleging that plaintiff failed to repair the truck as agreed and claiming damages in an amount in excess of the balance due on the truck.   The trial court submitted the case to a jury and the jury found defendant en-

titled to recover the sum of $193.43. The unpaid instalments amounted to $766.72. The verdict, therefore, amounted to a finding that defendant's damage was $960.15.

Plaintiff contends that the evidence shows no contract between the Wilcox Company and defendant as to the repair of the truck, but only an agreement between the Wilcox Company and the insurance company. What defendant's rights might be under a contract between the Wilcox Company and the insurance company, we need not determine, for it seems plain that the letters above quoted, taken in connection with other admitted negotiations, establish a contract between the Wilcox Company and defendant to put the truck in "first class condition." The negotiation was the not unusual one arising in the course of insurance adjustments. The insurance company was willing to pay the cost of restoring the car as far as repairs could do it. The Wilcox Company was willing to undertake the job of so restoring it, and defendant, as equitable owner, was willing to accept this repair as an adjustment of his loss, and so, the parties all participating, it was agreed that the Wilcox Company would do the work as above specified. All were parties to the contract. If the fire loss was to be settled by repair of the truck, then clearly defendant, who had carried the insurance and paid the premium, had a contract right to have the repairs made as agreed, and a right also to have the money paid by the insurance company applied to the payment of the repairs. The contract with the Wilcox Company was his contract, and if broken by failure of the Wilcox Company to make the repairs it had agreed to make, he was damaged, and he can assert his claim against the Wilcox Company for the damage sustained.

2. Plaintiff contends that the meaning of the expression "first class condition" is so indefinite that the court should have submitted to the jury the question of what the contract was. We think this language so clear that there was no issue as to its construction.

3. The court charged the jury that if the Wilcox Company failed to repair the truck as agreed, the measure of defendant's damage was "the difference in value of that truck as it would have been after it was * * * put in first class shape after the fire, and the

value in the condition it was in after it was repaired." Plaintiff complains of this and contends that the measure of damages was the reasonable cost of properly making the repairs.

Compensation is the aim of the law in all cases. In case of tortious injury to property, the general rule of damages is the diminution in the value resulting from the injury. Laughren v. Barnard, 115 Minn. 276, 132 N. W. 301; 17 C. J. 877. Where the cost of restoring the property to its former condition is less than the difference in value, such cost is the proper measure of damage, for, in such case, this compensates the party injured. But this is a qualification of the rule and may be invoked only where the particular facts justify it, and, if the defendant is of the opinion that the evidence justifies a submission of this rule of damages to the jury, a request to that effect should be made. Failure to submit this phase of the case to the jury is not ordinarily error, in the absence of a request so to do. Osborn v. Mississippi & R. R. Boom Co. 95 Minn. 149, 103 N. W. 879.

. It seems to us that the same principles are applicable to this case. Where property is given to another to repair, and the work is defectively done but is of some value, and the owner must of necessity retain the benefit of it, the measure of damages is the difference between the value of the property in its defective condition and its value if repaired in compliance with the contract. Barretts v. Wharton, 101 N. Y. 631, 4 N. E. 344; May v. Georger, 21 Misc. 622, 41 N. Y. Supp. 1057; 3 Sutherland, Damages, § 699; 2 Sedgwick, Damages, § 647A; 17 C. J. 853; Sykes v. City of St. Cloud, 60 Minn. 442, 62 N. W. 613. See also Longfellow v. McGregor, 61 Minn. 494, 63 N. W. 1032; 7 A. L. R. 277. But if the property may still be placed in the condition contemplated by the contract the damage cannot exceed the cost of remedying the defect. Wheaton v. Lund, 61 Minn. 94, 63 N. W. 251; King v. Nichols & Shepard Co. 53 Minn. 453, 55 N. W. 604, is not out of accord. But as held in Osborn v. Mississippi & R. R. Boom Co. 95 Minn. 149, 103 N. W. 879, if the plaintiff was of the opinion that the facts in evidence warranted the submission of the question, whether the cost of putting the truck in first class condition would be less than the difference in

value, he should have requested the court to charge accordingly. Not having done so plaintiff cannot complain.

Order affirmed.