JOHNSON CONSTRUCTION COMPANY, a Corporation, Appellant, v. BELLE AUSTIN, W. D. Austin, and Dakota Trust Company, a Corporation, Respondents.

(215 N. W. 484.)

**Specific performance — time essence of contract — protracted delay.**

1. Though time be not of the essence of a contract for the conveyance of real property, the time element may nevertheless be so material that a court of equity cannot properly decree specific performance after a protracted delay.

**Specific performance — party responsible for substantial delay must show reason therefor.**

2. The party responsible for a substantial delay in the performance of a contract, where time is material, must, to be entitled to specific performance, account for and explain the delay by showing facts and circumstances which are sufficient to justify and excuse it. *Held*, in the instant case, that a delay of more than two and one-half years is not justified or excused.

**Vendor and purchaser — intention of parties — rules same as other contracts.**

3. The intention of the parties to a bond for deed is determined by the same rules of interpretation as are applied to other contracts.

**Vendor and purchaser — damages — recovery on bond — actual damage.**

4. In the absence of a provision for stipulated damages or of an indication that the sum named as penalty is agreed upon as damages, the measure of recovery upon a bond is the actual damage sustained not exceeding the penalty.

Opinion filed July 13, 1927. Rehearing denied October 22, 1927.

Specific Performances, 36 Cyc. p. 721 n. 85; p. 724 n. 86. Vendor and Purchaser, 39 Cyc. p. 1296 n. 65; p. 2116 n. 72.

Appeal from the District Court of Cass County, *Cooley,* J.
Reversed and remanded.

*A. R. Bergeson* and *Conmy, Young, & Burnett,* for appellant.

"It is not necessary to declare in so many words that time is of the

---

Note.—(1) As to effect of delay on right to specific performance of contract, see 25 R. C. L. 256, 257.

(4) As to relation between sum stipulated as penalty and actual damages, see 8 R. C. L. 564, 565; 2 R. C. L. Supp. 628.

essence of the contract, but it is sufficient if it appears that it was the intention of the parties thereto that time should be the essence thereof." Sunshine Cloak & Suit Co. v. Roquette Bros. 30 N. D. 143, 152 N. W. 359.

"A unilateral contract is one in which one party makes an express engagement or undertakes a performance without receiving in return any express engagement or promise of performance from the other." Black's Law Dict.

"If the contract of sale is fairly susceptible to two or more different meanings, then that meaning which has been put upon the contract by the consideration thereof by the parties in their conduct under such contract will be adopted by the court as the true meaning thereof." 39 Cyc. 1297; Kennedy v. Dennstadt, 31 N. D. 422, 154 N. W. 271.

Even where the time of performance of a contract for sale of land has been waived, performance must, nevertheless, be tendered within a reasonable time. Garrison v. Newton (Iowa) 4 A.L.R. 811, 170 N. W. 790.

Where service is secured by publication the statutory requirements must be literally complied with. Jablonski v. Presik, 30 N. D. 543, 153 N. W. 274; First State Bank v. Northern Trust Co. 49 N. W. 283.

*Richardson, Green & Wattam,* for respondents.

"An action to recover the balance of the purchase price cannot be resisted by showing a defective title, unless it appeared that possession or quiet enjoyment of the party had been in some manner disturbed." Strunk v. Smith, 66 N. W. 926; Price v. Hubbard, 65 N. W. 436.

"A good and merchantable title means a title in fee simple, free from litigation, palpable defects and grave doubt; that is a title which will enable the purchaser not only to hold the land in peace, but will enable him whenever he may desire to do so to sell or mortgage the land to a person of reasonable prudence and caution." Kennedy v. Dennstadt, 31 N. D. 422, 154 N. W. 271.

"The burden of proof of proving the unmarketability of the title rests upon the objector." Greenblatt v. Herman, 38 N. E. 966; Ruff v. Gerhardt, 76 N. Y. Supp. 743.

"It is enough if the notice is given with sufficient accuracy to indicate the identity of the defendant." 21 R. C. L. 1298 (19).

"If the name as used is the same as the party himself uses and under

which he is known, and the facts recited in the notice sufficiently identify the person intended, and advise him that his property is brought before the courts, we think it would be sufficient to give the court jurisdiction to enter the judgment." Mosely v. Reily (Mo.) 28 S. W. 895.

"Time will not be regarded as of the essence of a contract merely because a definite time for performance is set therein, without any further provision as to the effect of nonperformance at the time set." 39 Cyc. 1338.

"Before the plaintiff may recover more than a nominal damage, where there is no stipulation for liquidated damages, he must show actual, substantial loss." Millikan v. Hunter, 100 N. E. 1041; Roper v. Milbourne, 153 N. W. 557.

BIRDZELL, Ch. J. On or about July 1, 1923 the plaintiff and defendants entered into a contract whereby the latter were to purchase from the former certain residence property in the city of Fargo at an agreed price of $8,000.00, payable as follows: Cash, $1,000.00, the conveyance of a quarter section of land in Stutsman county at an agreed valuation of $4,000.00 to be conveyed by warranty deed, free of incumbrances, and by the assumption of a $3,000.00 mortgage then outstanding against the property purchased. Following the making of this contract abstracts of title were exchanged and upon examination it appeared that there were certain objections to the title of the defendants to the Stutsman county land. Notwithstanding, the vendors executed a deed to the purchasers of the residence property, who went into possession, executing, however, under date of August 4, 1923, a bond for a deed to the land in the sum of $4,000.00. The condition of the bond recited the obligation of the Austins under the contract to convey the Stutsman county land and further recited that the consideration for the transfer had been paid in full by the obligee and that the obligors had agreed to loan the obligee upon the land $2,000 on or before August 31, 1923, the condition being that "if the said obligors shall make to the said obligee the said loan of $2,000 as provided herein and shall deliver to the said obligee a good and sufficient deed as aforesaid on or before January 1, 1924, then this obligation shall be void; otherwise, it shall be and remain in full force and virtue." (The original contract had provided for the delivery of deeds by both

parties, to be left in escrow in the Merchants National Bank of Fargo, so that the deal might be closed on August 1, 1923.) Following the execution of the bond the loan of $2,000 was made and a partial release of the bond evidencing this fact was executed under date of August 7, 1923. In April, 1924, this action was begun by the plaintiff as obligee in the bond, seeking to recover $2,000 with interest from January 1st as the balance due the plaintiff for the purchase price of the residence property transferred and further seeking the cancellation of the note and mortgage executed by the plaintiff to evidence the loan made to it by the Austins on the security of the Stutsman county land, it being assumed that upon the recovery by the plaintiff in the action the title to the land would remain in the defendants. The defendants answered alleging, specifically, the tender on or before January 1st of a good and sufficient warranty deed, conveying the land to the plaintiff, and, generally, compliance with the terms and conditions of the contract.

. The facts were stipulated and the cause submitted to the trial court without a jury. In addition to the facts above stated, the stipulation shows that certain of the objections to the title of the Stutsman county property were removed before the first of January, 1924 and that, for the purpose of removing other objections, an action had been commenced by the Austins on or about October 18, 1923 to quiet title. The published summons in the action was headed "State of North Dakota, County of Cass," and in the body of the summons the defendants were required to answer a complaint to be filed in the office of the clerk of the district court of Stutsman county. The defendants are described as follows: "J. J. Delaney, one McGuire whose first name is unknown, and all other persons unknown claiming any estate or interest in, or lien or incumbrance upon, the property described in the complaint." It appears that the second objection to the title is based upon the fact that a mortgage shown in the abstract referred to a contract for deed by a former owner to one McGuire. The contract had never been recorded. It was stipulated, however, that the contract, running from such former owner to Martin C. McGuire, was in the possession of W. D. Austin on or about October 18, 1923 when the action to quiet title was begun, but that such fact was not known to his attorneys until the trial of the action to quiet title. It was also stipulated that the former owner, who entered into the contract with McGuire, would, if

called as a witness, testify that the contract had been rescinded upon McGuire's solicitation; that the latter had abandoned all claim arising thereon and had never been in possession of the land.

The Austins have at all times been able and willing to deliver to the plaintiff the actual possession of the Stutsman county land, and on December 31, 1923 they executed a warranty deed and delivered the same to the Merchants National Bank of Fargo subject to plaintiff's order, notifying it thereof. The plaintiff refused to accept the deed and on January 29th served notice of its refusal and demanded payment under the bond. On the date of the making of the stipulation, December 22, 1925, it was stipulated that the defendants, through their attorneys, offered to bring a new action to quiet title for the purpose of removing any cloud evidenced by the McGuire contract without charge or expense to the plaintiff if the court was willing to grant sufficient time and that one of the attorneys for the defendant would testify that the expense of such an action, if the court should find the contract to be a cloud, would not exceed in all the sum of $135.

In March, 1926 the trial court made findings of fact and conclusions of law, which, so far as material here, are to the effect that the action brought to quiet title to the Stutsman county land was insufficient to remove the cloud of the McGuire contract but that the defects in the title might be satisfied and corrected by a proper action; that the damages to the plaintiff by reason of the defects do not exceed $135 and that the defendants should be given further reasonable opportunity to satisfy and correct the defects in their title. Thereupon an interlocutory order was made, holding their action in abeyance until July 1, 1926 to enable the defendants to show at such time their power and ability to convey title free and clear of incumbrance, at which time the issues should be further considered and determined by the court.

The matter again came on to be heard on August 6, 1926, the defendants submitting evidence of the completion of the action to quiet title and thereafter, on September 16th, the judgment roll in the latter action was offered and received in evidence. It was thereupon adjudged that the warranty deed tendered to the plaintiff conveyed a good, clear, merchantable title and the action upon the bond was dismissed. The plaintiff appeals, contending that the contract obligated the defendants to convey to the plaintiff good and sufficient title by August 1, 1923;

that even if time be not of the essence of the contract as originally made, the bond obligated the defendants to deliver a good and sufficient deed conveying good and clear title by January 1, 1924 and that the action of the court, in permitting the defendants to perform within the added time given in the interlocutory order, in effect decreed the specific performance of a contract which the plaintiff had never made.

It is apparent from the above statement that the parties at first contemplated that the transfers would be made on August 1, 1923 and that thereafter, when the abstracts had been examined and objections were made to the title to the Stutsman county land, a supplementary contract was made in which it was understood that the Austins would go into possession of the residence property at once and that the title to the Stutsman county land would be cleared by the first of January, 1924. The bond given was conditioned upon the latter event and further conditioned for the loaning of $2,000 by the Austins to the plaintiff. It is equally apparent that the Austins were not able to make clear title to the Stutsman county land until August 6, 1926, or more than two years and a half after January 1, 1924, when the judgment roll in the action to quiet title was offered and received in evidence in this case, and it was not until the latter event that the judgment was entered denying the plaintiff's recovery upon the bond and, in effect, decreeing specific performance against it.

In neither of the contracts is time expressly made of the essence. Though not of the essence of the contract, however, the time element may be so material that a court of equity cannot properly decree specific "performamnce after a delay. . . . If time is material a failure to comply with the terms of the contract is not *necessarily* a bar to an enforcement; but it throws upon the defaulting party the burden of explaining his neglect and of satisfying the court that, notwithstanding the failure, a denial of the remedy to him would be inequitable. Certain conditions must, therefore, be met and fulfilled by the party who asks the aid of the court in the face of his delay. In the first place, the delay must not have been too long; and what is reasonable or unreasonable in point of duration must depend very largely upon the circumstances of each case, and especially upon the cause or occasion of the delay . . . the delay, whether long or short, must be accounted for and explained by facts and circumstances which are re-

garded by courts of equity as sufficient to justify and excuse it." Pom. Spec. Perf. of Contr. 3d ed. § 402. See Fox v. Fridrich, 96 N. J. Eq. 456, 126 Atl. 535.

In the instant case the plaintiff never took possession of the land, and it manifested its unwillingness to do so or to take any benefit from the land unless good title were made. This portion of the contract remained wholly executory. While the bond for deed would serve to secure to the plaintiff the ultimate enjoyment of the consideration for the property sold to the extent that the land furnished the consideration, it does not minimize the importance of the time element. On the contrary, the giving of the bond conditioned for the furnishing of title at a stated time is rather an indication of its materiality. We are of the opinion that in the circumstances of this case time must be regarded as material and that the delay, which is not shown to have been attributable to any act of the plaintiff, is not explained sufficiently to excuse it and that, after so long a period, a court of equity cannot properly decree specific performance in favor of the party responsible for the delay.

There remains for consideration the question of the extent and character of the relief to which the plaintiff is entitled. It is contended on its behalf that it is entitled to recover the full amount of the unsatisfied portion of the bond, $2,000. There is no stipulation in the bond that the amount for which the obligors bind themselves is an agreed valuation of the property mentioned in the condition clause, nor that it is stipulated damages. It is, however, recited that the consideration for the transfer is the sum of $4,000. Does this recital of the consideration paid for the real property mentioned in the condition amount to a stipulation of damages in case of the breach of the condition? Ordinarily, the true consideration for a contract may be shown and the obligors upon a bond in a definite amount are liable for the actual damages flowing from a breach, within the penalty, and not necessarily for the full amount of the penalty. 9 C. J. 129. The intention of the parties to such a contract is determined by the same rules of interpretation as are applied to other contracts. (Longfellow v. McGregor, 56 Minn. 312, 57 N. W. 926, id. 61 Minn. 494, 63 N. W. 1032) and it is well settled that, in the absence of a provision for stipulated damages, or of an indication that the sum named as penalty is agreed upon as

damages, the measure of recovery upon a bond is the same as for breach of any other contract. See Wilson v. Spencer, 11 Leigh, 261; Henry v. Davis, 123 Mass. 345.

In the instant case it appears that the sum of $4,000 was not paid for the property in question in advance, but that the plaintiff had transferred to the defendants Austins certain residence property, and there is no attempt to rescind this portion of the contract. The condition of the bond would be fulfilled by the conveyance of the Stutsman county property regardless of its value. While the contracts mention a money consideration and deal with the exchange of properties to which specific values are attached, for aught that appears these values were used merely to subserve the convenience of the parties in expressing the terms of the trade. At any rate it is certain that the full amount of the damages sustained by the plaintiff by reason of the failure of the defendants to fulfill the agreement to convey the Stutsman county land is the value of the land less the $2,000 paid by the Austins in the form of a loan secured by a mortgage thereon. We are of the opinion that the judgment should be thus restricted not to exceed, however, the unsatisfied portion of the bond with interest from January, 1924. Lacking evidence upon the value of the Stutsman county land as of January 1, 1924, there is not in this record evidence of value upon which a proper judgment can be entered.

The judgment appealed from must be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

NUESSLE, CHRISTIANSON, BURKE, and BURR, JJ., concur.