TWEEDY and another, Appellants, vs. JOHNSTON and another, Respondents.

*April 27—September 15, 1936.*

For the appellants there were briefs by *Upham, Black, Russell & Richardson,* attorneys, and *Perry J. Stearns* and *Fraley N. Weidner* of counsel, all of Milwaukee, and oral argument by *Mr. Weidner.*

For the respondent Ethelinda T. Johnston there was a brief by *Fish, Marshutz & Hoffman,* attorneys, and *G. R. Hoffman* and *F. C. John* of counsel, all of Milwaukee, and oral argument by *Mr. John.*

For the respondent First Wisconsin Trust Company the cause was submitted on the brief of *Miller, Mack & Fairchild* of Milwaukee.

The following opinion was filed June 2, 1936:

ROSENBERRY, C. J. The motion was based upon an affidavit in which it was stated that the action was one to foreclose a ninety-nine-year lease upon certain property; that upon this property was a building which was partly located upon the property upon which Ethelinda T. Johnston gave a

mortgage; that by agreement of the parties twenty per cent of the rents collected by the receiver had been paid to the plaintiffs; and set out facts upon which it based a claim that twenty-five per cent of the net rents secured from the building should be apportioned to the lessors.

It is considered that there is one sufficient answer to the claims of the plaintiffs in this case. Sec. 234.19, Stats. 1933, provides that when there shall be a default in the conditions of a lease of lands for a term exceeding fifty years, the lessor may institute an equitable action in the circuit court to recover the possession of the premises leased. It further provides that the judgment shall determine the breach, fix the amount due the lessor, state the several amounts to become due within one year from the entry thereof, and make certain other specified provisions, and then continues:

"During said year ensuing the date of the entry of such judgment the possession of the demised premises shall remain in the lessee and he shall receive the rents, issues and profits thereof. . . ."

This statute certainly contemplates that the lessee as against the lessor shall continue to receive the rents, issues, and profits until one year after the date of the entry of the judgment in the action brought under the provisions of this section to foreclose the lease. We are unable to understand how the plaintiffs can escape the provisions of this section. The judgment was entered July 1, 1935. Until the expiration of the statutory period plaintiffs have no claim upon the rents, issues, and profits. The lease sought to be foreclosed was entered into on August 31, 1908, for a term of ninety-nine years, beginning on October 10, 1908. This statute was in force at the time the lease in question was executed. We are unable to discover any reason why it should not apply. Under the statute the plaintiffs being entitled to no part of the rents, having been awarded ten per cent, they have no reason for complaining. See *Mohawk Co. v. Bankers Surety*

*Co.* (1916) 162 Wis. 272, 156 N. W. 154; *Selts Inv. Co. v. Promoters of F. N. of W.* (1929) 197 Wis. 476, 220 N. W. 222, 222 N. W. 812.

Plaintiffs contend that sec. 234.19, Stats. 1933, does not prevent the appointment of a receiver in the action for the foreclosure of a long-term lease; that a receiver being appointed, the possession of the receiver is that of the lessee, and when the receiver uses the rents to pay the debts of the lessee and particularly the taxes as provided in the order of the court, the lessee by law receives the rents and the statute is complied with in all respects. The lessee in this case apparently did not contest the appointment of a receiver. The rents were apportioned by agreement made between plaintiffs as lessors and the mortgagee, twenty per cent to the plaintiffs and eighty per cent to the mortgagee. What relation, if any, the lessee had to this transaction does not appear. In view of the provisions of the statute, the question being raised, we see no basis upon which the receiver can assert any title to the rents and profits under the provisions of the statute. It is claimed that this right exists in order to prevent waste, but the statute contains no such limitation, and in view of its mandatory provisions, the court should not create one. If the lessee by agreement or acquiescence consents to part with some of his rights under the statute, that is his privilege. He cannot be deprived of them by order of the court without his consent.

It is not necessary to consider other questions raised.

*By the Court.*—The order appealed from is affirmed.

A motion for a rehearing was denied, with $25 costs, on September 15, 1936.