## STIGER *v.* MONROE.

1. Although a deed conveying a leasehold estate contained a clause of general warranty, which necessarily embraced a covenant of quiet enjoyment, the lessee, if he suffered himself to be ousted from the premises, could not maintain against the lessor an action for a breach of such warranty without showing that the person to whom possession was yielded had title paramount to that of the lessor.
2. One can not be evicted from premises of which he has never had possession, either actual or constructive.
3. In no view of the evidence disclosed by the present record was the plaintiff entitled to a recovery.

Argued November 11, — Decided December 8, 1899.

Action for breach of warranty. Before Judge Bennet. Ware superior court. April term, 1899.

*Hitch & Myers*, for plaintiff in error.
*L. A. Wilson* and *J. L. Sweat*, contra.

LUMPKIN, P. J.   The petition of W. F. Monroe alleged that J. M. Stiger executed to the petitioner a warranty deed to "all the timber suitable for turpentine or sawmill or lumber purposes" on two described lots of land in Ware county, for the sum of four hundred dollars paid by petitioner to Stiger, that "petitioner has been evicted from said lots of land, and that the said J. M. Stiger refuses to indemnify your petitioner for his damages in that behalf."   On the trial, the plaintiff introduced a warranty deed, duly recorded, from Stiger to himself, conveying for a term of ten years all the timber suitable for turpentine, sawmill, or lumber purposes on ten lots of land, including the two lots described in the petition, and proved that the price paid to Stiger was two hundred dollars per lot.   As a witness in his own behalf, the plaintiff testified that he had never been in possession of the two lots in controversy, that two or three years after taking possession of some of the other lots he found that one Rozier had entered upon and taken possession of these two lots, and that the latter, upon demand, refused to yield possession of the same.   Monroe then called upon Stiger to oust Rozier, and, upon his failing so to do, requested Stiger to deliver to him (Monroe) "the title" so that the latter might himself institute proceedings to recover possession of the premises.   In response to this demand, Stiger failed to deliver to Monroe any deeds or muniments of title whatever.

Whether any one or more of the lots of which Monroe actually took possession adjoined either of the two lots in dispute was not shown.   It did appear at the trial that Stiger, in response to a notice calling upon him to produce his chain of title to these lots, brought into court only one conveyance, which was a deed to himself, covering the premises, executed by one Daniel Lott about four years prior to the date of the lease from Stiger to Monroe; but there was no evidence showing whether either Stiger or Lott had, or had not, ever been in possession of the two lots held by Rozier, nor did it appear that Rozier had any right or title to the same other than such as was evidenced by his bare possession.   The defendant introduced no testimony, but, after the plaintiff closed, moved for a nonsuit.   This motion was overruled, and the court there-

upon directed a verdict in favor of the plaintiff; to which action on the part of the court Stiger excepted.

As will have been seen, the plaintiff was a lessee of Stiger for a term of ten years, and depended for a recovery upon the theory that he had been evicted by Rozier. The evidence leaves it in doubt whether Monroe ever had even constructive possession of the lots entered upon by Rozier; for it does not affirmatively appear that any of the lots of which Monroe took actual possession under his deed from Stiger adjoined either of these two lots, so as to place Monroe in the position of one who, claiming under a registered deed covering one entire tract or body of land, entered into actual possession of a part thereof and thus acquired constructive possession of the remainder. But even if Monroe had constructive possession, it would seem clear that, as the same began prior to Rozier's entry, and as it did not appear that the latter was more than a mere-trespasser, it could not be said that Stiger's covenant of warranty was broken by his failure or refusal to oust Rozier; for if he was a mere intruder, Monroe could and ought to have evicted him, instead of yielding to his tortious entry, and suffering him to remain in possession. This remedy was open to Monroe irrespective of the question whether Stiger did or did not comply with the request made of him to furnish the chain of title under which he held the premises, for the reason that, as against a mere wrong-doer, Monroe could recover by simply showing his prior possession under a claim of right. In this view of the case, therefore, it is manifest that the plaintiff signally failed to show that there had been any breach of Stiger's general warranty of title, upon the theory that he (Monroe) yielded possession because of a paramount outstanding title in Rozier and could accordingly claim to have properly submitted to the eviction.

We have said this much respecting the question of constructive possession on the part of Monroe, for the purpose of showing that, even upon this view of the case, he fell far short of establishing a right to recover.

But the case has another aspect. As stated above, Monroe testified without qualification that he had never been in possession of either of the lots in question. If, as is most probably

true, he thus meant to assert that he had never entered, either actually or constructively, into possession prior to the entry of Rozier, then clearly no basis for a recovery against Stiger on the ground of eviction was shown to exist; for "It would seem to be the rule that there can be no eviction without an antecedent possession by the tenant, and therefore a failure or refusal of the landlord to deliver possession of all or a part of the premises leased, while a wrong for which the tenant has his remedy at law, does not amount to a technical eviction." 11 Am. & Eng. Enc. L. (2d ed.) 460. The necessary conclusion is that the court below ought to have granted a nonsuit, and erred in directing the jury to find for the plaintiff.

*Judgment reversed.   All the Justices concurring.*