ARTHUR M. SHARON, Respondent, v. AMERICAN FIDELITY COMPANY, Appellant.

Kansas City Court of Appeals, June 2, 1913.

1. LANDLORD AND TENANT: Lessor: Ouster: Forfeiture: Matured Rent. Though a lessor ousts the lessee by entering the leased premises and declaring a forfeiture of the lease, he may recover all back rents that have then fully matured.

2. ———: ———: ———: ———: Current Rent. Though a tenant makes default in rent and the lessor ousts him by entering the premises and declaring a forfeiture of the lease, he destroys any claim for the current rent then not fully matured and accrued.

3. ———: ———: ———: ———: Improvements in Certain Time: Ouster Before Expiration of Time. If a lessee covenants to make improvements on the premises within a certain time, he has that full time in which to perform, and if he is ousted by the lessor before the time has expired, he is discharged from the duty of making the improvements.

4. ———: ———: Improvements: Surety: Default: Abandonment: Notice. Premises were leased to a lessee for ninety-nine years. He was to pay rent and make certain improvements within two years to cost $4000. He gave bond with surety securing the erection of the improvements as agreed, the bond providing that if the lessee abandoned the lease, or it appeared he was not going to erect the improvements as agreed, the lessor should notify the surety, who would then have a right to perform the covenant as to the improvements. Six months before the time for making the improvements had expired, the lessee made default in payment of the rent and the lessor entered and declared a forfeiture, the lessee quitting the premises. The lessor duly notified the surety of the default and abandonment. It was *held* that in the circumstances the surety was liable for the value of the improvements, notwithstanding the lessor's entry before the time for making them had expired.

Appeal from Jackson Circuit Court.—*Hon. Jas. E. Goodrich*, Judge.

AFFIRMED.

*Sebree, Conrad & Wendorff* for appellant.

The lessor re-entered and took the premises from the lessee and declared the lease forfeited and void about six months before the time provided in the lease for making the improvements had expired. By these acts he released the lessee from all liabilities under the lease which had not been incurred, including the obligation to make the improvements, and consequently there is no right of action against the defendant as surety on the bond, and the lower court committed error in refusing the demurrer to the evidence, and in giving judgment against the defendant. Baxter v. Heimann, 134 Mo. 260; Lamson Service Co. v. Bowland, 114 Fed. 639; American Bonding Co. v. Pueblo Investment Co., 150 Fed. 17; 1 Tiffany on Landlord and Tenant, 774; Geddis v. Folliett, 94 N. W. 431; Chipman v. Eric, 5 Calif. 49; Herboth v. Radiator Co., 145 Mo. App. 484; Trustees v. Miller, 3 Ohio, 261; 1 Brandt on Suretyship and Guaranty, 274; Kramer v. Amberg, 53 Hun (N. Y.), 427, 60 Sup. Ct. Rep. 427; Campbell v. Nixon, 2 Ind. App. 463; Kane v. Davies, 2 Kan. App. 634; Ex parte Houghten, 12 Fed. Cas. 6725; Grownes v. Trust Co., 147 Ill. 634; Watson v. Merrill, 136 Fed. 359; Given v. Caudle, 34 La. Ann. 1025; Boyd v. Gore, 143 Wis. 531; Palethrop v. Bergner, 52 Pa. St. 149; People of Porto Rico v. Title Guarantee & Surety Co., 180 Fed. Rep. 641; Reed v. Snowbill, 51 N. J. L. 162; Cage v. Cassidy, 23 (U. S.), 109, L. Ed. 430.

*Lathrop, Morrow, Fox & Moore* and *W. R. Clarke* for respondent.

(1) The lessee defaulted in the performance of an obligation which was one of the considerations of

the lease. The default was due entirely to the fault of the lessee. The lessor was in no way to blame therefor. Consequently the surety is liable, although the lessee would have had a longer time for performance of this contract had he kept the other covenants of the lease. Bonding Co. v. Inv. Co., 150 Fed. 17; Shelton v. Durham, 76 Mo. 234; Davis v. Clark, 41 N. Y. Supp. 835.

ELLISON, P. J.—Plaintiff is the lessor of certain real property in Kansas City and defendant is the surety of the lessee that the latter would perform his obligations for making certain improvements stated in the lease. The lessee failed in performance of portions of his undertaking and plaintiff instituted this action against defendant as his surety. The judgment in the trial court was for the plaintiff.

It appears that the lease was made to George H. Kersting for the period of ninety-nine years. The following provisions thereof bear upon the present controversy, viz.:

"For the first four months the lessee shall pay only $75 per month, and for the first five years of the term of this lease the lessee shall pay only the sum of $1800 per annum, and for the next five years, after the expiration of the first five years, the annual rental shall be only $2100 per annum.

Article 15. The lessee agrees as part of the consideration of this lease to make additional improvements on the said demised premises to the value of at least four thousand dollars ($4000) within two (2) years from the date of this lease, and an additional four thousand dollars ($4000) within five years from the date of this lease; . . . and the lessee shall give the lessor security and give the same at the time of the execution of this lease, such security to be approved by the lessor, for at least four thousand dollars ($4000) and until the above improvements are

made and are clear and free from all judgments and mechanics' liens.''

In compliance with the foregoing provisions as to security. Kersting procured the defendant as his surety to execute the bond upon which the, action is based. The bond makes appropriate reference to the lease, and recites that Kersting had agreed to make improvements on the property to the value of $4000 within two years, and other improvements of that value within five years. It then contains a contractual clause to which we shall refer further on.

Kersting took possession of the property as lessee and paid rent as agreed for more than one year, up to April, 1911, but failed to pay the installment due at that time, and at that time none of the improvements had been made; and no offer of rent, or to make the improvements, was made afterwards. Thereupon plaintiff notified defendant by letter of Kersting's default. Again, on June 2nd, plaintiff wrote notifying it of the default and enclosed a copy of a notice which he had served on Kersting notifying him that he, plaintiff, would re-enter the premises and forfeit the lease if the rent was not paid. Plaintiff then, about six months before the two years limited for the first improvements had expired, took possession of the property, no objection appearing to be made by Kersting, and immediately wrote to defendant that he had done so. The improvements contemplated in the lease and bond were not made by either Kersting or defendant. There was testimony showing plaintiff's damage to be four thousand dollars.

It will be noted that a part of the foregoing lease provides that improvements to the value of $4000 shall be made within two years. This action was brought after the expiration of the two years in which the first improvement was required, though, as has just been stated, plaintiff entered into possession and declared a forfeiture six months before the time ex-

pired. On this state of facts, especially as influenced by the last sentence, defendant states the question involved in this language: ''Is the lessee, or his surety, liable for the nonperformance by the lessee of an obligation in the lease, which was not required to be performed until a time after the lease had been forfeited and made void by the lessor?'' Its claim is that upon default in the payment of rent by the lessee, plaintiff, as lessor, had two courses open to him—first, to forfeit the lease for the default and sue for the rent up to the that time and enforce any obligation matured at that time; or, second, he could allow the lease to continue until the two years limit for first improvements to be made had expired and then sue the lessee and defendant.

Plaintiff declines to accept defendant's suggestion of the true question and states it in this way: ''Can the defendant Surety Company escape the obligation of its bond and contract to pay the plaintiff $4000 (one of the considerations of the lease) if the lessee failed to make the improvements on the property within two years, when the sole default is on the part of the lessee himself and when he abandons the lease before the expiration of the two years and thereby puts it out of his power to carry out his agreement; and where, also, the lessor has proceeded at every step strictly in accordance with the terms and provisions of the lease and of the bond or contract which the Surety Company entered into guaranteeing performance of this part of the lease.''

The law seems to be clear that if a lessor enters the premises and declares a forfeiture for a failure of the lessee to pay rent, all rent then fully accrued is collectible by the lessor, but for the rent which has not fully accrued at the time of entry and forfeiture an action cannot be maintained. In American Bonding Co. v. Pueblo Inv. Co., 150 Fed. 17, it is said, and we think rightly, that ''a surrender, re-entry, or eviction

between rent days, or at any time before the rent has fully accrued, releases the lessee from liability therefor and defeats an action for its recovery." In Smith v. Shepard, 15 Pick. 147, 150, the rent was payable quarterly in advance, and an eviction was made on the first day of the quarter. Chief Justice SHAW said: "As to the quarter's rent due by covenant in advance, the defendant had the whole day to make the payment in advance. But during the day the mortgagee entered and ousted him, and this was a good excuse."

In Curtiss v. Miller, 17 Barb. (N. Y.) 477, 479, action was brought for the rent of a half year which ended April 10, 1846. The surrender occurred on April 2, 1846, only eight days before the expiration of the half year. The court said: "It is well settled by numerous adjudged cases that, when the term is surrendered before the expiration of a period for which rent accrues, the rent for the whole of such period, not then due is extinguished, and can neither be distrained for nor collected by action."

In Home Life Ins. Co. v. Sherman, 46 N. Y. 370, there had been a surrender in June, 1867, before a period of rent had accrued, and a recovery for the whole period was denied.

To these may be added: Watson v. Merrill, 136 Fed. 359, 362; Lamson Consol. Store Service Co. v. Bowland, 114 Fed. 639, 642.

Bearing close relation to the principle involved, is the case of People of Porto Rico v. Title Guaranty Co., decided by the Supreme Court of the United States on the 24th of February, 1913 (not yet reported), where it is said that: "If within the time allowed for performance, the plaintiff made performance impossible, it is unimaginable that any civilized system of law would allow it to recover upon the bond for a failure to perform."

It is upon these correct statements of the law that defendant takes its position on this appeal; and we

must determine whether the facts of the case justify an application of the law as thus announced. It will be noticed that in the greater part, if not all, of the above references the lessor entered without right. That is, at the time of his entry a right to a forfeiture had not accrued. That is to say, the time for the payment of the rent had not expired and consequently the entry of the lessor and eviction of the lessee was wrongful and destroyed any claim for the entire current rent then accruing. For it cannot be allowed to the lessor to select a part of the time (in which the current rent is accruing) he will deprive the lessee of the premises and then hold him for rent *pro rata*. If he goes in without right the whole rent for the current period is extinguished.

But the law seems the same (at least we will concede it is the same) even though the lessee is at fault and the landlord may rightfully enter and declare a forfeiture. Rent is a compensation for the use and occupation of the premises and, in the absence of a contrary provision, when the latter ceases, rent does also. So, if the landlord, confronted with the lessee's default and knowing his remedies, elects to exercise that which destroys the relation, terminates the tenancy and avoids the lease, he deprives himself of any right to rent accruing after his severance of the relation and taking back the property. [Trustees v. Miller, 3 Ohio, 261; Grommes v. St. Paul Trust Co., 147 Ill. 634; Campbell v. Nixon, 2 Ind. App. 463; King v. Davies, 2 Kan. App. 634; Kramer v. Amberg, 53 Hun, 427; Home Life Ins. Co. v. Sherman, supra.]

Notwithstanding these concessions of the state of the law to defendant, we are of the opinion, after much consideration, that the terms of defendant's contract do not permit it to invoke that law. The obligation defendant assumed with plaintiff is more than that usually set out in simply a surety bond. Defendant's relation to plaintiff is that of a surety with other

matters of contract that show the nature and extent of the suretyship. For after the bond and its conditions are set out, these further stipulations appear, viz.: "This bond is executed by the American Fidelity Company, hereinafter called the company, as surety upon the express condition that if at any time the above bounded George H. Kersting shall, in any manner, fail, neglect or refuse to make said improvements or to pay for the said improvements and if he shall fail, neglect or refuse to pay for said improvements, or any part thereof, *or shall abandon said lease and it shall appear that he does not intend to or will carry out the agreements and covenants of said lease in any matter covered by this bond, the obligee shall immediately so notify the company by registered letter prepaid addressed to the company at its principal office in the city of Montpelier, state of Vermont, and the company shall have the right, at its option, to assume said lease and carry out and perform the covenants thereof; and if it so elects, it shall be subrogated to all of the rights of the said George H. Kersting, the principal herein.*"

We have italicized that part of these additional stipulations which we think directly apply to what occurred between the parties concerned. As we have said, Kersting, the lessee, after a time, failed to pay rent and plaintiff entered and forfeited the lease, Kersting acquiescing and quitting the premises. No improvements were made. We have already stated that plaintiff promptly notified defendant. The letter on this subject, of June 2, 1911, contained the following: "Your bond provides for your right of subrogation, etc., and in the event he turns possession to me at the end of the notice herein contained or abandon the premises for any reason your right to actual possession and control of the premises and property above described will mature and you have my consent and all my rights thereunder pertaining to the bond until

Sharon v. Fidelity Co.

the expiration of the term which your bond covers. My opinion is you should immediately make a thorough investigation as to the condition of affairs on said property for your own protection."

In the circumstances, we think Kersting's actions constituted an abandonment of the lease. He defaulted in the rent and compelled plaintiff, for his own protection, to enter, he Kersting, getting out without protest or an offer to make the improvements. Though this was six months *before* the time for making the improvements had expired, it was a contingency clearly shown to have been within the contemplation of the parties and was included in defendant's liability. Why should the provisions of the bond read that defendant should be notified if the lessee shall abandon the lease and it appears that he does not intend to make the improvements? If defendant was not concerned and in no event had any interest in the matter until the time for making the improvements had expired, notice would not have been necessary. At that time, if no improvements were then made, any question of abandonment, or intention, would have been useless. It seems plain defendant contemplated that the lessee might default on the improvements before the expiration of the time from the fact that it required notice so that it could "assume said lease and carry out and perform the covenants thereof." That is to say, itself make the improvements within the time. The surety bond showing on its face that the parties contemplated defendant's liability might, in certain contingencies, become consummate before the period limited for the improvements had expired, and the provisions thereof relating to such contingencies having been complied with by plaintiff, we regard defendant's liability was made out at the trial, and that the judgment of the learned trial court was correct. It is therefore affirmed. All concur.