1792

Theresa L. BLUMBERG, Robert L. Blumberg, Frederick J. Loef, Trust, by Frederick J. Loef, and Frederick J. Loef, Respondents v. NEALCO, INC., and Robert O. Collins, Appellants.

(416 S.E. (2d) 211)

Court of Appeals

*Miles Loadholt*, of *Ness, Motley, Loadholt, Richardson & Poole*, Barnwell, *for appellants.*

*Donald J. Budman*, of *Solomon, Kahn, Budman & Stricker*, Charleston, *for respondents.*

Heard Feb. 12, 1992; Decided Mar. 6, 1992.

On Reh. Apr. 8, 1992; Reh. Den. May 6, 1992.

SHAW, Judge:

Appellants Nealco, Inc., and Robert O. Collins (Nealco) appeal the order of circuit court judge that awarded Theresa L. Blumberg, Robert L. Blumberg, Frederick J. Loef, Trust, by Frederick J. Loef, and Frederick J. Loef, Respondents (Blumberg), past due rents, attorney fees and dismissed Blumberg's claim for future rents without prejudice. We affirm in part and reverse and remand in part.

Nealco and Blumberg executed a five year written lease agreement for the operation of a restaurant. Monthly rental was set at $2,250 per month, plus a late charge of 6% would be added if payment was more than seven days late. The lease provided for a reasonable attorney fee in the event of a breach.

The restaurant did not succeed and Nealco failed to make the lease payments. Blumberg brought this action for breach of the lease, past and future payments and attorney fees. Blumberg claimed past due payments for a nine month period which calculates to $20,250. Late charges of $135 per month were to be added beginning March 1, 1988. This calculates to $1,215. The total of the two amounts is $21,465. The judge awarded $24,390. There is no combination of lease payments and late charges that would add up to this amount.

The judge awarded Blumberg $5,000 in attorney fees. He based his finding on "the amount of work expended, plaintiff's counsel's standing in the community, the complexity of this matter, and other factors."

In awarding reasonable attorney's fee, there are six factors to be considered: (1) the nature, extent, and difficulty of the legal services rendered, (2) the time and labor necessarily devoted to the case, (3) the professional standing of counsel, (4) the contingency of compensation, (5) the fee customarily charged in the locality for similar legal services, and (6) the beneficial results obtained. *Baron Data Systems, Inc. v. Loter*, 297 S.C. 382, 377 S.E. (2d) 296 (1989); *Prevatte v. Asbury Arms*, 302 S.C. 413, 396 S.E. (2d) 642 (Ct. App. 1990).

In this case, there was no evidence introduced to show that Blumberg actually incurred costs, that he had paid any costs or expected to be billed in the future. There

were no time records, invoices or any other documentation to justify the award of attorney fees.

The judge dismissed Blumberg's claim for future payments without prejudice. Ordinarily, the termination of a lease will terminate a lessor's right to future payments, *United States Rubber Co. v. White Tire Co.*, 231 S.C. 84, 97 S.E. (2d) 403 (1956). However, if the lease agreement provides for payment of future rents, termination will not release the lessee of such future obligations. *Simon v. Kirkpatrick*, 141 S.C. 251, 139 S.E. 614 (1927).

The lease provides as follows:

> Section 20.01. Termination. In the event lessee shall fail to pay any monthly installment of rental promptly as the same shall become due and payable as herein above set forth, and if such default continues for seven days thereafter, or if lessee shall fail to comply with any of its other covenants and agreements as herein contained, and if such default continues for five days after written notice to lessee, then the entire rent specified herein for the entire term of this lease or of any renewal thereof shall become due and payable at that time, and the lessor shall have the right, at its sole option, forthwith, to terminate this lease and to repossess the leased premises, *but the exercise or non-exercise by lessor of such right of termination shall not prejudice any other rights which the lessor may have against the lessee hereunder and shall not operate to relieve the lessee of its obligation to pay rental or of its obligations under any other covenants and agreements herein contained.*

Therefore, we affirm the judge's holding of dismissing the claim of future rents without prejudice, we reverse the award of attorney fees and we remand for reconsideration the award of damages.

Affirmed in part, reversed in part and remanded.

SANDERS, C.J., and LITTLEJOHN, Acting Judge, concur.