THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Mathesoya
 Management Corporation, Respondent,
 v.
 Clifford Danny
 Taylor, Appellant.
 
 
 

Appeal From Beaufort County
 Curtis L. Coltrane, Master in Equity

Unpublished Opinion No. 2008-UP-315
Heard April 8, 2008  Filed June 25, 2008    

AFFIRMED 

 
 
 
 R. Thayer Rivers, Jr., of Ridgeland, for Appellant.
 Drew A. Laughlin, of Hilton Head, for Respondent.
 
 
 

PER CURIAM:  Clifford
 Danny Taylor appeals from an award granting Mathesoya Management Corporation
 (Mathesoya) damages for breach of a commercial lease.  We affirm.  
FACTS
Taylor owned a
 retail clothing business in Lake City, South Carolina.  To facilitate
 relocation of the business to the Hilton Head area, Taylor entered into an
agreement with Mathesoya to lease commercial space in Bluffton, South Carolina.
The lease agreement covered Unit 11 and Unit 12 of the
 Village at Sheridan Park in Bluffton, South Carolina for a term of sixty
 months, commencing on June 1, 2001.  Under the agreement, Taylor agreed to pay
 rent for the use of the two units in monthly installments.  Additionally, the
lease agreement provided: 

 All alterations, additions, improvements and fixtures,
 other than trade fixtures, which may be made or installed by either of the
 parties hereto upon the Demised Premises, and which in any manner are attached
 to the floors, walls or ceilings, shall be the property of Landlord and at the
 termination of this Lease Agreement shall remain upon and be surrendered with
the Demised Premises as part thereof, without disturbance or removal.   

Taylor commenced
 business in June of 2001; however, by
 December of that year, business had slowed down considerably.  After Taylor failed to pay the December rent, Mathesoya instituted eviction proceedings on
 January 13, 2002, and the court scheduled a hearing on the matter for January
 15.  Prior to the hearing, Taylor delivered a check to Mathesoya for the
 remaining balance; however, the check was dishonored when Lance Brutschy,
 President of Mathesoya, presented it to the bank.
Taylor failed to
 make an appearance at the January 15 hearing, and the Magistrate Court for Beaufort County granted the eviction.  On January 18, Brutschy received a call from Taylors attorney, who asked if Mathesoya would allow Taylor to stay if the money was
 presented that day in cash.  Brutschy agreed to allow Taylor to stay on these
 conditions; however, the money was never presented to Brutschy.  On January 23,
 Taylor filed an affidavit with the court stating he had cured all defaults in
 payment of the rent and did not owe any money at that time.  Upon receipt of
 this affidavit, the court stayed the ejectment and scheduled another hearing
 for February 25 of that year.  Prior to the hearing, Taylor vacated the
 premises, removing his inventory and the air conditioning units he had
 personally purchased.
After Taylor left, Mathesoya eventually was able to rent the premises to new tenants; however,
 their rent was lower than what Taylor had been paying under his lease.  Mathesoya
 brought a claim against Taylor for damages resulting from the breach of the
 lease agreement, including unpaid rent, lost rent, and costs.  Taylor answered, alleging: (1) the equitable defense of unclean hands; (2) Mathesoya failed
 to state a claim upon which relief could be granted; and (3) Mathesoya failed
 to mitigate his damages.  Additionally, Taylor counterclaimed for breach of
 contract.  Mathesoya prevailed at trial and this appeal followed.   
STANDARD OF REVIEW
An
 action for breach of contract
 seeking money damages is an action
 at law.  R & G Constr., Inc. v. Lowcountry Regl
 Transp. Auth., 343 S.C. 424, 430, 540 S.E.2d 113, 117 (Ct. App. 2000). 
 Furthermore, the interposition of an equitable defense in an action at law does
 not alter the nature of the action.  Wright v. Craft, 372 S.C. 1, 19,
 640 S.E.2d 486, 496 (Ct. App. 2006) (internal citation omitted) ([A]
 distinction should be made between cases in which the defendants answer
 asserts merely an equitable defense, and cases in which the answer seeks
 affirmative equitable relief.  In the case of an equitable defense, the nature
 of the action remains the same.); but see Brown v. Chandler, 50 S.C. 385, 391, 27 S.E. 868, 871 (1897) (holding an equitable defense in a
 legal action receives equity review).
When
 reviewing a judgment made in a law case tried by a master without a jury, the
 appellate court will not disturb the masters findings of fact unless the
 findings are found to be without evidence reasonably supporting them.  Townes
 Assocs., Ltd. v. City of Greenville, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976); Karl Sitte Plumbing Co. v. Darby Dev. Co. of Columbia, Inc., 295 S.C.
 70, 76-7, 367 S.E.2d 162, 166 (Ct. App. 1988). However, [a] reviewing court is
 free to decide questions of law with no particular deference to the trial
 court. Hunt v. S.C. Forestry Commn, 358 S.C. 564, 569, 595 S.E.2d 846,
 848-49 (Ct. App. 2004).
LAW/ANALYSIS

I.  Excessive Damages
Taylor argues
 the master erred by granting monetary relief in excess of the amount prayed for
 in the complaint.  Specifically, Taylor argues Mathesoya only prayed for
 damages for lost rent in the amount of $92,682.27; therefore, the master erred
 in awarding $100,718 for these damages.  This issue is not preserved for our
review.  
It
 is axiomatic that an issue cannot be raised for the first time on appeal, but
 must have been raised to and ruled upon by the trial judge to be preserved for
 appellate review.  Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d
 731, 733 (1998).  A party may not argue one set of grounds below and
 alternate grounds on appeal.  State
 v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003). 
 Furthermore, a general, non-specific argument does not necessarily encompass
 the multitude of specific grounds which may support such a broad argument;
 rather a party must actually raise the specific grounds below in order to
 preserve the issue for review.  See Collins Entmt Corp. v. Coats
 & Coats Rental Amusement, 368 S.C. 410, 418, 629 S.E.2d 635,
 639 (2006) (Initially, although American argued there was insufficient
 evidence of excess capacity [of machines] below, it made no argument with
 respect to the specific types of machines at issue.
 Accordingly, as this specific argument was not raised
 below, it is not preserved.); State
 v. Fletcher, 363 S.C. 221, 257, 609 S.E.2d 572, 591 (Ct. App. 2005) (internal
 citation omitted) (It is well settled that an objection must be on a specific
 ground.  To be preserved for appellate review, an objection should be sufficiently specific to bring into
 focus the precise nature of the alleged error.);  Wilder Corp. at 76,
 497 S.E.2d at 733 ([A]n objection must be sufficiently specific to inform the
 trial court of the point being urged by the objector.).  
While
 Taylor challenged the excessiveness of the award below both on alternative
 grounds and in a general manner, Taylor failed to specifically argue the masters
 award could not exceed the amount prayed for in the complaint.  Accordingly,
 this specific argument is not preserved for our review.
II.  Unpaid Rent
Taylor argues
 the master erred in granting Mathesoya eight months of unpaid rent because
 Mathesoyas efforts to re-lease the premises were insufficient to mitigate its
damages.  We disagree.
A party injured by the acts of another is
 required to do those things a person of ordinary prudence would do under the
 circumstances, but the law does not require him to exert himself unreasonably
 or incur substantial expense to avoid damages.  Baril
 v. Aiken Regl Med. Ctrs., 352 S.C. 271, 285, 573 S.E.2d 830, 838 (Ct.
 App. 2002).  Moreover, the party who claims damages should have been minimized
 has the burden of proving they could reasonably have been avoided or reduced.  Moore v. Moore, 360 S.C. 241, 262, 599 S.E.2d 467, 478 (Ct.
 App. 2004).  To meet the burden of proof, a tenant must present affirmative evidence
 showing how a landlords damages could reasonably have been avoided, or how the
 landlords efforts were unreasonable under the circumstances.  See Genovese
 v. Bergeron, 327 S.C. 567, 573, 490 S.E.2d 608, 611 (Ct. App. 1997)
 (The tenant failed to present any evidence showing what types of advertising
 would have been reasonable, how much sooner the landlords could have rented or
 sold the property through other methods, or that the landlords actions to rent
 the property were inadequate or improper. We conclude, therefore, the tenant
 failed to sustain her burden of proving the landlords could have reasonably
 avoided or reduced their damages.).
Here, Taylor failed to present any
 affirmative evidence of steps Mathesoya should have taken or that Mathesoyas
 efforts were unreasonable under the circumstances.  As a result, Taylor failed to meet his burden of proof as a matter of law.  Additionally, there is
 sufficient evidence in the record to support a conclusion that Mathesoya
 effectively mitigated his damages.  Brutschy testified he took multiple steps
 to re-lease the premises, including cleaning the premises, replacing the air
 conditioning units, advertising, replacing carpet, repairing a damaged wall,
 and repainting.  Accordingly, the masters award of damages for the unpaid rent
 is affirmed.
III.  Mathesoyas Installation of
 Carpet in Unit 11 
Taylor argues
 the master erred in granting Mathesoya damages for replacing the carpet in
 areas of Unit 11 because there was no carpet in these areas before he took
 possession of the premises, and the lease agreement did not require
installation of carpet.  We disagree.   
Upon breach of a lease agreement, a landlord may seek
 damages for unpaid rent and such special damages as [the landlord] may plead
 and prove to have resulted from the breach.  Simon v. Kirkpatrick, 141
S.C. 251, 259, 139 S.E. 614, 617 (1927) (citation omitted).  
The lease agreement gave Mathesoya ownership of any
 improvements to the premises, including the installation of carpet.  Regardless,
 Taylor argues Mathesoya is only entitled to damages for the replacement of the
 carpet which Taylor actually installed and subsequently damaged because the
 lease did not require the entire unit to be carpeted.  This argument is
 misplaced because it narrowly focuses on the costs of replacing the carpet as
 damages to Mathesoyas property.  Brutschy testified the carpet in Unit 11 was
 damaged and had to be replaced to re-let the premises.  He also testified areas
 of Unit 11 were uncarpeted due to a display case Taylor had placed in the
 premises.  The master specifically found Mathesoya replaced the carpet in Unit
 11 in his efforts to re-let the premises.  Taylor failed to address whether the
 cost of the new carpet was an expense incurred in mitigating the damages
 resulting from the breach of the lease agreement.  He also failed to provide
 evidence showing Mathesoyas efforts to re-let the premises were unreasonable
 or installation of the carpet was an unnecessary expense.  Accordingly, there
 is evidence to support the masters conclusion Mathesoya was entitled to
 damages for the costs of installing the carpet as an expense incurred in
mitigation of his damages.
IV.  Estoppel
Taylor argues
 he was entitled to rely on assertions that Mathesoya had a replacement tenant; therefore,
 Mathesoya should be estopped from recovering damages.  This issue is not
preserved for our review.  
[E]stoppel
 must be affirmatively pled as a defense and cannot be bootstrapped onto another
 claim.  Collins Entmt, Inc. v. White, 363 S.C. 546, 562, 611 S.E.2d
 262, 270 (Ct. App. 2005).  Taylor failed to plead estoppel as an
 affirmative defense.  While Taylors answer broadly asserted Mathesoya acted
 inequitably and unfairly, we decline to hold such a general assertion
 includes estoppel, a defense which requires a party establish multiple
 elements.[1] 
 Likewise, Taylors assertion that Mathesoya acted with unclean hands is a
 separate defense to which estoppel cannot be bootstrapped.  As a result, Taylor failed to specifically assert the defense, either by name or through its elements,
 and therefore Taylor failed to raise this issue before the master.  
Furthermore,
 even if we assumed, arguendo, Taylor had effectively pled estoppel, the master
 did not rule on the issue in his order, nor did Taylor address it in his 59(e)
 motion to reconsider.  Where a trial court does not explicitly rule on an
 argument raised, and the appellant makes no Rule 59(e) motion to obtain a
 ruling, the appellate court may not address the issue.  Shealy v. Aiken County, 341 S.C. 448, 460, 535 S.E.2d 438, 444-45 (2000).  Accordingly, the
 issue is not preserved for our review.
V.  Abandonment
Taylor argues the
 master erred in finding he abandoned the premises because in actuality he was
 evicted, which is distinguishable from abandonment; therefore, the master
 inappropriately emphasized abandonment as the justification for awarding damages
to Mathesoya.  We find no reversible error.  
An
 error not shown to be prejudicial does not constitute grounds for reversal.  Brown
 v. Pearson, 326 S.C. 409, 417, 483 S.E.2d 477, 481 (Ct. App. 1997).  An
 error is not reversible unless it is material and prejudicial to the
 substantial rights of the appellant.  Visual Graphics Leasing Corp. v.
 Lucia, 311 S.C. 484, 489, 429 S.E.2d 839, 841 (Ct. App. 1993).
While Taylor is correct in his assertion that eviction
 is legally distinguishable from abandonment, the distinction does not have any
 bearing on this case because Mathesoyas action is for damages resulting from
 the breach of a lease agreement.  Whether the master described the situation as
 abandonment of the premises, abandonment of the lease agreement through
 non-payment of rent, or eviction, Taylor breached the agreement when he failed
 to pay the rent required by the lease, and as a result, Mathesoya incurred
 damages.  Therefore, Taylor fails to illustrate how this distinction caused him
 prejudice because any error on the part of the master in describing the
 situation as abandonment of the premises was immaterial to the outcome of the
case.  Therefore, there is no reversible error.  
VI.  Removal of the Air Conditioning Units 
Taylor argues
 the master erred in granting damages for the replacement of the air
 conditioning units.  Specifically, Taylor argues he went to great lengths to
 ensure the units would not become fixtures subject to the lease provision
 granting Mathesoya ownership of all fixtures installed on the premises; therefore,
the master erred in awarding damages for replacement units.  We disagree.   
A
 trial judge has considerable discretion regarding the amount of damages, both
 actual or punitive; thus, our review on appeal is limited to the correction of
 errors of law.  Mellen v. Lane, 377 S.C. 261, 275-6, 659 S.E.2d 236, 244
 (Ct. App. 2008).  Our task in reviewing a damages award is not to weigh the
 evidence, but to determine if there is any evidence to support the damages
 award.  Id.  
The
 lease agreement provides the air conditioning units at issue would become the
 property of Mathesoya if they were in any manner attached to the floor, walls
 or ceilings.  The master found Taylor removed air conditioning equipment
 consisting of two exterior condensers, an interior air handler, and the
 thermostat that had been installed by Taylor as a part of his improvements to the
 leased premises and awarded Mathesoya the costs of replacement air
 conditioning equipment.  Taylor contends this conclusion was in error, pointing
 to his testimony that the air conditioning units were not attached to
 Mathesoyas building, and he purposefully installed the units so they would not
 become Mathesoyas property.  Additionally, Taylor emphasizes the testimony on
 the subject was not challenged during cross-examination.
 Mathesoyas
 apparent failure to challenge Taylors statements on cross-examination does not
 amount to a wholesale admission to such statements, nor does it mean the finder
 of fact was obligated to accept them as true.  Additionally, while Taylors testimony supports his argument the air conditioning units were not attached to the
 building, there is evidence in the record that supports the conclusion they
 were attached and subject to the provision of the lease agreement.  Brutschy
 testified elements of the air conditioning system had been suspended from the
 ceiling, and Taylors removal of the system caused damage to the premises. 
 Mathesoya provided photographs of the areas where the air conditioning had
 existed, depicting the physical damage caused by the removal of the units. 
 Taylor himself testified about the permanent fixtures he used to suspend the components
 of the air conditioning system.  Accordingly, there is sufficient
 evidence to support a conclusion the air conditioning units were attached to the
 premises, and therefore we affirm the masters award of damages for replacement
 units.  
CONCLUSION
For the foregoing reasons, the order of the master is
AFFIRMED.
ANDERSON,
SHORT, and THOMAS JJ., concur.

[1] See Strickland v. Strickland, 375 S.C.
 76, 84-85, 650 S.E.2d 465, 470 (2007) (listing the elements for establishing
 an estoppel defense).